

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| McCLENON MURKELDOVE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-172-A |
| | § | |
| MICHAEL J. ASTRUE, COMMISSIONER | § | |
| OF SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION</u>
<u>and</u>
<u>ORDER</u>

Before the court for decision are an application of
plaintiff, McClenon Murkeldove, Jr., ("Murkeldove"), and a
supplemental request, for lawyers' fees under the Equal Access to
Justice Act ("EAJA").[1]  For the reasons given below, the court is
denying the application and supplemental request.

I.

<u>Procedural Background and Factual Setting</u>

A.   <u>Nature of this Action</u>

Murkeldove filed this action pursuant to 42 U.S.C. §§ 405(g)
and 1383(c)(3) for judicial review of a final decision of the

---

[1] While the application recites that it is being filed by plaintiff, the text of the application, its
stated goal, and its supporting documentation disclose that the application is for the benefit of
Murkeldove's lawyer, Carl Weisbrod, and his firm, Morgan & Weisbrod, and not plaintiff.  Therefore, in
the text the application occasionally will be referred to as the "Weisbrod application."

Commissioner of Social Security ("Commissioner") denying his
claims for disability insurance benefits under Title II and
supplemental security income benefits under Title XVI of the
Social Security Act.  The administrative law judge ("ALJ") who
heard Murkeldove's application at the administrative level
decided against Murkeldove, finding that he was not disabled;
and, the Appeals Council denied Murkeldove's request for review,
leaving the ALJ's decision as the final decision of Commissioner.

This action, which was treated as an appeal from
Commissioner's decision, was referred to the magistrate judge for
findings, conclusions, and recommendation.  On April 3, 2009, the
magistrate judge returned the action to the undersigned with the
recommendation that Commissioner's decision adverse to Murkeldove
be reversed, and that the proceeding be remanded to Commissioner
for further administrative proceedings consistent with the
proposed findings of fact and conclusions of law of the
magistrate judge.  As recommended, on April 29, 2009, the court
rendered a final judgment reversing Commissioner's decision and
remanding to Commissioner for further administrative proceedings.
The reversal and remand was of the kind contemplated by the
fourth sentence of 42 U.S.C. § 405(g), with the consequence that

2

the judgment of April 29, 2009, brought this action to an end.

See Shalala v. Schaefer, 509 U.S. 292, 297-99 (1993).

B.    Attempt by the Lawyers for Murkeldove to Pave the Way
      for a Future Award to the Lawyers of Fees Under 42
      U.S.C. § 406(b)

On May 13, 2009, Carl Weisbrod ("Weisbrod"), of the firm of

Morgan & Weisbrod, filed a document titled "Motion to Enlarge

Time to File a Motion for Attorneys' Fees Under Section 406(b) of

the Social Security Act."[2]  Weisbrod gave, inter alia, the

following explanations in the motion to enlarge:

> [Murkeldove] is currently awaiting the remand process
> within the Social Security Administration which will
> include a remand to the ALJ.  Following completion of
> the remand process, [Murkeldove] anticipates that his
> attorneys will seek attorneys' fees for services
> rendered both at the administrative and federal court
> levels.
>
>      . . . .
>
>      . . . Only upon completion of all of the above
> will [Murkeldove] be able to determine whether any
> additional monies withheld from [Murkeldove's] past due
> benefits are available for 406(b) attorneys' fees and
> decide whether to pursue such fees.

Mot. to Enlarge at 1-2 (footnotes omitted).  Weisbrod's stated

reason for filing the motion was that the Fifth Circuit ruled in

---

[2]While the motion to enlarge time purports to have been filed by Murkeldove, the text and stated purpose of the motion disclose that it actually was a motion filed for the benefit of Weisbrod and his firm.

<u>Pierce v. Barnhart</u>, 440 F.3d 657 (5th Cir. 2006), that a motion for lawyers' fees under § 406(b) is governed by Rule 54 of the Federal Rules of Civil Procedure, requiring that such a motion be filed no later than fourteen dates after entry of judgment.

In potentially relevant part, 42 U.S.C. § 406(b) provides:

**(b)   Fees for representation before court**

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

By order signed May 13, 2009, the court denied the motion to enlarge, noting that:

The plain language of the statute indicates that fees are available under § 406(b) only when (1) the court renders a favorable judgment to the claimant, (2) the court includes such fees <u>as a part of the favorable</u>

4

<u>judgment</u>, and (3) the claimant is entitled to past-due benefits <u>by reason of the favorable judgment</u>.

May 13, 2009, Order at 2.  By way of further explanation, the court called attention to a memorandum opinion and order the court signed April 2, 2009, in Case No. 4:02-CV-678-A (May 13, 2009, Order at 2 n.2), which is now reported as <u>Kellems v. Astrue</u>, 611 F. Supp. 2d 639 (N.D. Tex. 2009).[3]

C.    <u>Current Attempt by Weisbrod to Collect an Award of Fees Under the EAJA</u>

On June 2, 2009, Weisbrod filed the application now under consideration titled "Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act" (hereinafter, "Application").  The part of the EAJA pursuant to which the application was made is § 2412(d)(1)(A), which provides:

> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award <u>to a prevailing party</u> other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), <u>incurred by that party in any civil action</u> (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was

---

[3]Presumably Murkeldove's counsel already was aware of <u>Kellems</u> inasmuch as the lawyer who filed the motion that led to the <u>Kellems</u> opinion was a member of the Morgan & Weisbrod firm.  <u>Kellems v. Astrue</u>, 611 F. Supp. 2d 639, 641 (N.D. Tex. 2009).

substantially justified or that special circumstances
make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphases added).

The premises of the application seem to be that Murkeldove
was a prevailing party in this action by virtue of having
successfully obtained a reversal of Commissioner's adverse ruling
and a remand to Commissioner for further consideration, and that,
because he was the prevailing party and Commissioner cannot prove
substantial justification, Murkeldove's lawyers have an automatic
entitlement to an award of reasonable lawyers' fees under the
EAJA. Application at 1-2 & 6. An award of $9,521.50 is sought
by the application, representing lawyers' fees of $9,171.50 and
court costs of $350.00. There is no allegation in the
application that Murkeldove has incurred, or will incur, any fees
in this action.

Attached to the application as exhibits are, inter alia:

(1) Copies of fifteen orders rendered by judges in
either the Fort Worth Division or the Dallas Division of this
judicial district during the years 2006, 2007, and 2008 granting
applications similar to the application under consideration.
Four of the orders were rendered by the undersigned. None of the
orders indicates that Commissioner contested any of the

6

applications other than, in some cases, on the ground that the
amount sought as lawyers' fees was unreasonable.  None of the
orders indicates that the court found that the plaintiff in the
case to which the order referred had incurred any lawyers' fees.
Many of the orders were agreed orders by which Commissioner
agreed to the fee awards.  The court believes it is correct in
identifying the plaintiff's lawyer in each of the cases to which
the orders relate as a member of the Morgan & Weisbrod firm.  Ten
of the orders, including two issued by the undersigned, direct
that the awarded fee payment be made by Commissioner directly to
the Morgan & Weisbrod lawyer rather than to the plaintiff.[4]

_____

[4]The undersigned has caused a search to be made of Social Security appeal actions that were
filed on the undersigned's docket during the years 2000-2009 in which EAJA fee awards were made
pursuant to an application of the plaintiff's lawyer after a fourth-sentence remand.  Sixty-eight cases have
been located in which the undersigned rendered such an order, usually ordering the award paid to the
plaintiff, but in many instances ordering the award paid directly to the lawyer.  A lawyer associated with
the Morgan & Weisbrod firm appears to have been directly or indirectly the recipient of the payments in
a large percentage of those cases.  In each of the sixty-eight actions Commissioner either expressly or
implicitly acknowledged legal entitlement by the lawyer for the plaintiff of a fee award under EAJA in
circumstances such as those presented here.  The only resistence offered by Commissioner to the
requested fee awards was an occasional complaint as to the reasonableness or appropriateness of the
amount claimed or an infrequent contention that the position of Commissioner was substantially justified.

Because none of the factors that are causing the court to deny the application in the instant action
was raised in any of the previous actions, the court simply did not have occasion to consider any of those
factors.  Rather, the undersigned is embarrassed to admit, the court accepted blindly Commissioner's
assent to the EAJA fee requests without conducting independent research as to the authority of the court
to grant the requests.  In a few instances in orders making known that 42 U.S.C. § 406(b) fee requests
were not appropriate, the court went so far as to suggest that an EAJA fee request would be favorably
considered.  Not until the court developed a record of the facts that are related in the opinion in Kellems,
611 F. Supp. 2d at 639, did the undersigned become conscious of the legal problems associated with the
conduct of Morgan & Weisbrod and other members of the Social Security bar in seeking fees under the

(continued...)

(2)   Affidavit of Weisbrod.   He says that his "usual fee arrangement with most of [his] clients is a contingent fee agreement."   Application, Ex. F at 1.   However, he fails to state the nature of his fee arrangement with Murkeldove.   Nothing in the affidavit indicates that Murkeldove incurred any lawyer fee in connection with the legal work done on his behalf in this action.   Weisbrod attaches to his affidavit itemizations of legal work done on behalf of Murkeldove in this action, but does not indicate that Murkeldove has, or will have, any obligation to pay for any of those legal services.   Nothing in the affidavit discloses the identity of the person (Murkeldove or Weisbrod) who would benefit from the fee if awarded.

D.   <u>Written and Verbal Explanations of Weisbrod of Intended Disposition of EAJA Fee Award if the Court Were to Grant the Application</u>

On June 3, 2009, the court ordered Murkeldove, through Weisbrod, to file a document explaining what he plans to do with the fee award if the application were to be granted.   The

---

[4](...continued)
EAJA in civil actions where there has been a fourth-sentence reversal and remand and the legal representation of the Social Security claimant in the action was pursuant to a contingent fee contract of the kind contemplated by 42 U.S.C. § 406.

explanation given by Weisbrod in a document filed June 8, 2009,

was, in its entirety, as follows:

> Any EAJA award made to the plaintiff in this case
> will be paid to his attorneys of record, Morgan &
> Weisbrod, which plans to keep any portion of the award
> that remains after appellate counsel, William Fouche,
> who wrote Murkeldove's briefs on the merits, is paid
> for his work herein.  If Murkeldove ultimately prevails
> on the remand of his claim to the Social Security
> Administration, then the EAJA fee award will be
> credited in full against any subsequent fee application
> made under 42 U.S.C. § 406(b).

Notice of Planned Action at 1.

For clarification, the court held a telephone

conference/hearing on July 7, 2009, with Weisbrod, William Fouche

("Fouche"),[5] and counsel for the government, Mark Pittman,

("Pittman") on the line, during which the court acquired the

following additional information pertinent to the issues

discussed in this memorandum opinion and order:

Weisbrod gave a rough estimate that over the years his firm

has received EAJA fees in twenty-five to thirty cases per year

under facts similar to those presented in this instant case--

based on an application made in the district court after the

district court had ordered a fourth-sentence remand to

---

[5]Fouche is the lawyer mentioned in Weisbrod's affidavit as being a part of Weisbrod's litigation team in this case.  Application, Ex. F at 2-4 ¶¶ 5-10.

Commissioner for further administrative proceedings.  Tr. of July 7 Hr'g at 5.  The impression the court has is that Weisbrod and his firm have been successful in virtually all of those applications.  In each instance, the EAJA fee award was paid by government check payable to the lawyers.  Id. at 3-4, 6.

The lawyers have considered that the fee awards are for their benefit.  Id. at 10-11, 12, 14-15, 34-35.  Weisbrod expressed surprise when Pittman said that if an EAJA fee were awarded in this case pursuant to Weisbrod's application the award would be paid by check showing the lawyers and Murkeldove as joint payees.  Id. at 3-4, 6.  Weisbrod anticipates that if that were to occur, the lawyers, pursuant to paragraph 8 of the fee agreement between Murkeldove and Morgan & Weisbrod (Pl.'s Resp. to June 3 Order, Ex. A ¶ 8), would require Murkeldove to endorse the check so that the lawyers could negotiate it for their benefit.  Tr. of July 7 Hr'g at 9-11.

Morgan & Weisbrod typically does not notify their Social Security clients that they are applying for EAJA fee awards, and presumably did not notify Murkeldove of that fact.  Id. at 11.

As the June 8 explanation of Weisbrod indicated, Weisbrod does not anticipate that Murkeldove would benefit in any respect from an EAJA fee award unless the court later were to make

another fee award in favor of Weisbrod and his firm under 42 U.S.C. § 406(b) in this civil action, in which event the EAJA fee award would be credited against the § 406(b) award.  Id. at 15-16.  If, as this court already has decided, a § 406(b) fee award will not be made in this action, Murkeldove would not receive any benefit from an EAJA award if one were to be made.  Id. at 14-15.

If Murkeldove were to prevail in the remanded proceedings before Commissioner, Weisbrod contemplates that he and his firm would seek a fee at the administrative level pursuant to the fee agreement between Weisbrod and Murkeldove.  Id. at 12-13.  As the fee agreement contemplates (Pl.'s Resp. to June 3 Order, Ex. A, ¶¶ 2 & 4), the fee that the lawyers could seek, and receive, based on Murkeldove's recovery of benefits at the administrative level could be as much as twenty-five percent of his total past-due benefits recovered.  Tr. of July 7 Hr'g at 13-14.  If such a fee award were to be made at the administrative level, Weisbrod and his firm would not credit against that fee award any EAJA fee award the court might make pursuant to Weisbrod's application, nor would any part of that EAJA award be returned by the lawyers to Murkeldove.  Id. at 14-15.  Instead, the lawyers would end up receiving, and keeping, a fee award greater than twenty-five percent of the recovered past-due benefits.  Id. at 33-34.

11

While Weisbrod said that he views Fouche to be an
independent lawyer who handled Murkeldove's appeal to this court,
Murkeldove was never informed of Fouche's involvement in this
action.  Id. at 27.  (Fouche's name did not appear as an attorney
for Murkeldove on any of the documents filed in this action.)
Morgan & Weisbrod arranges for Fouche to assist them in the
handling of Social Security district court appeals because they
consider that he is skillful in doing that kind of work and has
good results.  Id. at 26.  Lawyers within the Morgan & Weisbrod
firm are qualified to do the same work, id. at 25, but they are
so busy handling other matters they find that use of Fouche to
assist them in appeals proves to be profitable to them, id. at
26, 31.

Murkeldove has no obligation to pay a fee to Fouche for the
work Fouche did in association with Weisbrod in this action, id.
at 32, nor does Murkeldove have any fee payment obligation to any
of the lawyers if he is not successful in his Social Security
claim, id. at 32.  In the past, whenever Weisbrod and his firm
have been successful in their EAJA fee award applications in
cases similar to the instant one, they have, upon receiving the
EAJA fee payment, remitted to Fouche his share, apparently
determined by the part of the EAJA fee award that represents

payment for work done by Fouche. Id. at 22-23. In the instances when the appeal to the district court is not successful, Fouche receives a payment from Morgan & Weisbrod of approximately $900 per case. Id. at 24.

II.

Analysis

A. The Plain Meaning and Proper Application of 28 U.S.C. § 2412(d)(1)(A)

"The EAJA renders the United States liable for attorney's fees for which it would not otherwise be liable, and thus amounts to a partial waiver of sovereign immunity." Ardestani v. I.N.S., 502 U.S. 129, 137 (1991). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996). "Any such waiver must be strictly construed in favor of the United States." Ardestani, 502 U.S. at 137; see also Texas Food Indus. Ass'n v. USDA, 81 F.3d 578, 580 (5th Cir. 1996) ("Because EAJA is a partial waiver of sovereign immunity, it must be strictly construed in the government's favor."). "[T]he terms of its waiver, as set forth expressly and specifically by Congress, define the parameters of a federal court's subject matter jurisdiction . . . ." Ware v. United States, 626 F.2d 1278, 1286 (5th Cir. 1980).

13

Nothing could be clearer from the wording of 28 U.S.C. § 2412(d)(1)(A) than that the statute authorizes an award only to "a prevailing party" for fees "incurred by that party" in a civil action.  Also apparent is the inference that the statute is not for the benefit of the lawyer for the prevailing party and does not contemplate an award of lawyer's fees to a lawyer whose client has not incurred those fees.  Put another way, the wording of the statute makes clear that its purpose is to make provision for compensation to a party to a civil action of a kind contemplated by the statute for fees incurred by that party in successfully advancing his position in the action.

"The plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." United States v. Ron Pair Enters., Inc., 489 U.S. 235, 242 (1989) (internal quotation marks & brackets omitted) (citing Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571 (1982)).  "If the statute speaks clearly to the precise question at issue, [the court] must give effect to the unambiguously expressed intent of Congress." Reeves v. Astrue, 526 F.3d 732, 734 (11th Cir. 2008) (internal quotation marks &

original alterations omitted) (quoting <u>Barnhart v. Walton</u>, 535 U.S. 212, 217 (2002)).

Two months ago, the Fourth Circuit, when construing the "prevailing party" language of the EAJA to mean that the payment by the Commissioner under the EAJA was for the benefit of the Social Security claimant and not the claimant's lawyer, noted that:

> [H]owever, the Supreme Court has stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.  When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.

<u>Stephens v. Astrue</u>, 565 F.3d 131, 139-40 (4th Cir. 2009) (internal quotations marks, original alterations & citations omitted).  The Fourth Circuit added that it could not interpret the EAJA at variance with its plain meaning "without trespassing on a function reserved for the legislative branch," <u>id.</u> at 140 (citation omitted), and that sympathy with the position of the claimant's lawyer "does not permit [the court] to ignore the plain language of the statute," <u>id.</u>  In <u>Manning v. Astrue</u>, 510 F.3d 1246 (10th Cir. 2007), the court said that the "prevailing party" and "incurred" wording in the EAJA caused the "statutory language clearly [to] provide that the prevailing party, <u>who incurred the attorney's fees</u>, and not that party's attorney, is

15

eligible for an award of attorney's fees," id. at 1249-50
(emphasis added).

The court concludes that Weisbrod's application seeks an
award that is not authorized under the plain meaning of
§ 2412(d)(1)(A). The undisputed fact is that Murkeldove has not
incurred, and will not incur, any fees for lawyer services
rendered for him in this action. Therefore, the court is without
jurisdiction to grant Weisbrod's application.

B.   Effect of an Application of § 2412(d)(1)(A) to the
     Facts of This Action

If the court were to award EAJA lawyers' fees under the
facts of this action, the plain language of § 2412(d)(1)(A) would
be disregarded. Not only would the waiver of sovereign immunity
created by the EAJA not be strictly construed in favor of the
United States, it would be so liberally construed in favor of an
award of lawyers' fees at the government's expense that vital
parts of the language of the statute would be rendered
meaningless.

Moreover, there is no basis for a reasonable argument that
the literal application of § 2412(d)(1)(A) suggested above would
"produce a result demonstratively at odds with the intention of
its drafters." Ron Pair Enters., Inc., 489 U.S. at 242 (quoting

Griffin, 458 U.S. at 571).   The legislative history of the EAJA

describes the purpose of the statute as follows:

> The bill rests on the premise that certain
> individuals, partnerships, corporations and labor and
> other organizations may be deterred from seeking review
> of, or defending against unreasonable government action
> because of the expense involved in securing the
> vindication of their rights.   The economic deterrents
> to contesting governmental action are magnified in
> these cases by the disparity between the resources and
> expertise of these individuals and their government.
> The purpose of the bill is to reduce the deterrents and
> disparity by entitling certain prevailing parties to
> recover an award of attorney fees, expert witness fees
> and other expenses against the United States, unless
> the Government action was substantially justified.
> Additionally, the bill ensures that the United States
> will be subject to the common law and statutory
> exceptions to the American rule regarding attorney
> fees.   This change will allow a court in its discretion
> to award fees against the United States to the same
> extent it may presently award such fees against other
> parties.

H.R. Rep. No. 96-1418, at 5-6 (1980), as reprinted in 1980

U.S.C.C.A.N. 4984.   The plain meaning the court ascribes to

§ 2412(d)(1)(A) does not produce a result demonstratively at odds

with the intentions of the legislators--rather, the literal

interpretation of the statute is perfectly consistent with the

stated intent of its drafters.

The reading of § 2412(d)(1)(A) urged by Morgan & Weisbrod

and other members of the Social Security bar in cases of this

kind over the years improperly ignores the "incurred" feature of

the statute.   An EAJA claimant "bears the burden of proving that

he has incurred legal fees under the EAJA."  <u>U.S. SEC v.</u>

<u>Zahareas</u>, 374 F.3d 624, 630 (8th Cir. 2004).   Fees are "incurred"

when they have been paid, or there is a legal obligation to pay

them.  <u>SEC v. Comserv Corp.</u>, 908 F.2d 1407, 1414 (8th Cir. 1990).

For instance, a party who has a full right of indemnification

from another solvent party for fees incurred in litigation with

the government "cannot be deemed to have incurred that expense

for purposes of the EAJA, hence is not eligible for an award of

fees under that Act."  <u>United States v. Paisley</u>, 957 F.2d 1161,

1164 (4th Cir. 1992).

The contingent fee contract between Murkeldove and his

lawyers contemplates payment of a fee by Murkeldove only in the

event his lawyers are successful in obtaining for him an award of

Social Security benefits.   While Murkeldove might be viewed to be

the prevailing party in this action for EAJA purposes, <u>Schaefer</u>,

509 U.S. at 300-02, the contingency that would cause Murkeldove

to have a fee payment obligation did not occur as part of this

litigation.   The Eighth Circuit held in <u>United States v. 122.00</u>

<u>Acres of Land</u>, 856 F.2d 56, 58 (8th Cir. 1988), that the litigant

against the government in that case had not "actually incurred"

fees in a fact situation comparable to the facts of this action.

In the course of holding that Davis, the party claiming recovery

of a lawyer's fee against the government under the Relocation

Act, 42 U.S.C. § 4654, had not "actually incurred" fees in the

proceeding, the court explained:

> In order to determine whether the United States is
> liable for attorney's fees in this case, we must
> determine whether Davis has any legal obligation to pay
> his attorney LeDuc, either by operation of the fee
> arrangement between them or otherwise. Our review of
> that contract convinces us that Davis has no such
> obligation. The clear language of the contract compels
> the conclusion that a condition precedent to Davis'
> liability was the actual recovery of payment for his
> land from the government.

<u>122.00 Acres of Land</u>, 856 F.2d at 58.

Murkeldove's Attorney Fee Agreement expressly provides that

<u>he will pay no fee at all unless he wins his case</u>.  Pl.'s Resp.

to June 3 Order, Ex. A ¶ 1.  The fee agreement discloses that

Murkeldove and Morgan & Weisbrod entered into a contingent fee

contract; that a condition precedent to any fee payment

obligation by Murkeldove is successful pursuit of his Social

Security claim; and, that the fee payment, to be no greater than

twenty-five percent of recovered past-due benefits, will be

measured by the Social Security award made as a result of his

claim.  <u>Id.</u> ¶¶ 1-6.  The fact that work done by Morgan & Weisbrod

at both the court level and the administrative level is

contemplated by the twenty-five percent contingent fee is clear

from the agreement:

> I agree that if SSA favorably decides my claim at the
> Appeals Council level; or at the ALJ hearing level
> <u>after</u> a decision by the Appeals Council or Federal
> Court; or if a Federal Court favorably decides my case,
> I will pay my attorney(s) a fee that is equal to 25% of
> the total past-due benefits awarded to me and my
> family.

<u>Id.</u> ¶ 4.  A further understanding stated in the fee agreement is

that:

> [A]ny attorney fee paid out of [his] past-due benefits
> must be approved by the Social Security Administration
> and/or a Federal Court and [he] agree[s] to use [his]
> best efforts to assist [his] attorney(s) in obtaining
> approval of their fee in the amount agreed to in this
> contract, should they request [his] assistance.

<u>Id.</u> ¶ 5.

Simply stated, Murkeldove has no legal obligation to pay

Morgan & Weisbrod, either by operation of the fee arrangement

between them or otherwise, for the legal services upon which

Weisbrod bases his application for an EAJA fee award.

Unfulfilled conditions precedent to Murkeldove's obligation to

pay a fee are successful pursuit of his Social Security claim and

approval by Commissioner or the court of payment of a fee out of

whatever Social Security benefit he might recover.

Morgan & Weisbrod cannot find comfort in paragraph 8 of the fee agreement worded as follows:

> If my case is appealed to Federal Court, and if the Court orders the Social Security Administration to pay attorney fees under the Equal Access to Justice Act, such fees shall belong to my attorneys to the extent permitted by law, and I authorize that any such fees be paid directly to my attorney.

Id. ¶ 8. Needless to say, if, as is the case, Murkeldove does not have a right to a fee award under the EAJA in this action because he has not incurred lawyers' fees in this action, Morgan & Weisbrod cannot receive any entitlement to an EAJA fee award derivatively through Murkeldove. Furthermore, Weisbrod fails to explain how the paragraph 8 language can survive the restrictions of the Anti-Assignment Act, 31 U.S.C. § 3727 (formerly 31 U.S.C. § 203). See Kearney v. United States, 285 F.2d 797, 799-800 (Ct. Cl. 1961). For those reasons, the paragraph 8 assignment/ authorization is meaningless.

If a Social Security claimant is successful in obtaining an award of past-due Social Security benefits in a court action, his lawyer presumably would be entitled to receive, upon court approval, as a fee up to twenty-five percent of those benefits pursuant to a fee agreement such as Murkeldove's under the authority of 42 U.S.C. § 406(b). In that event, the Social Security claimant would have incurred fees in the court action and could well be eligible for at least partial reimbursement through a fee award under the EAJA. However, any attempt by the claimant's lawyer in such an event to receive as his own, in

21

addition to a § 406(b) fee award, the EAJA reimbursement fee award, would be of questionable legality.[6]

The facts of <u>Kellems</u> illustrate how the Morgan & Weisbrod firm puts itself in a position of engaging in highly questionable conduct through the kinds of fee demands that have been made in the instant action.   In <u>Kellems</u>, the court had granted in 2003 Morgan & Weisbrod's motion for EAJA fees after a sentence four reversal and remand.[7]   <u>Kellems</u>, 611 F. Supp. 2d at 640-41.   The EAJA fee award of $9,147.93 was paid to Morgan & Weisbrod. Thereafter, the lawyers were successful in obtaining a Social Security benefit award for the claimant in the remanded administrative proceedings before Commissioner.   <u>Id.</u> at 641-42. The lawyers successfully petitioned Commissioner for payment of lawyers' fees out of the past-due benefits awarded to the claimant.   <u>Id.</u> at 646.   Twenty-five percent of the past-due

---

[6]Title 42 U.S.C. § 406(b)(2) provides:

> (2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) of this subsection is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both.

42 U.S.C. § 406(b)(2).

[7]The EAJA award in <u>Kellems</u> was ordered before the court conducted the research that led it to conclude that it did not have jurisdiction to order awards of that kind.  The filing and pursuit by the Morgan & Weisbrod lawyer of the motion for § 406(b) lawyer's fees that the court denied in <u>Kellems</u> is what prompted the court to conduct that research.

benefits was $22,266.38.  Id. at 642.  Commissioner awarded the lawyers $18,281.25 as fees out of the past-due benefits.  Id. at 646.  When that payment to the lawyers was added to the $9,147.93 EAJA fee award the lawyers already had received, the $27,429.18 total exceeded the amount the lawyers were authorized by law to receive as fee payments for representing the claimant in pursuit of his Social Security claim.  Id. at 645 & n.3.  Not only did the lawyers not return any part of the EAJA $9,147.93 award to the claimant, they filed the § 406(b) fee motion with this court in the already terminated civil action for a further fee award of $22,266.38.[8]  Id. at 641.  The court denied that request.  Id. at 647.

Not reflected in the Kellems opinion is that in a telephone conference/hearing the court conducted relative to that fee payment request, the Morgan & Weisbrod lawyer on the line indicated that the lawyers did not consider that they had an obligation to return to the claimant any part of the EAJA award they had pocketed.  On May 5, 2009, the court ordered the Morgan & Weisbrod lawyer to file a document by May 14, 2009, informing the court that the entire $9,147.93 EAJA award had been paid by

---

[8]The Morgan & Weisbrod attorney did not disclose in the § 406(b) fee motion that Commissioner had already awarded the lawyers $18,281.25.  Kellems, 611 F. Supp. 2d at 642.

her and Morgan & Weisbrod to the claimant.  On May 14, 2009,

Morgan & Weisbrod filed a notice in the <u>Kellems</u> action that on

May 5, 2009, Morgan & Weisbrod remitted a check in the amount of

$9,147.93 to the claimant, Kenny Kellems.  No doubt, had the

court not intervened, the lawyers would have continued to retain

the EAJA fee award,[9] as they apparently have in most, if not all,

other cases in which they have received EAJA fee awards.

C.   <u>The Court does not Find the Authorities Cited in
     Weisbrod's Application Persuasive</u>

     Weisbrod does not devote attention in his application to any

of the factors about which the court is expressing concern in

this memorandum opinion.  Only slightly more than one page is

devoted to the substantive issue of entitlement to an EAJA award.

The rest of the application is devoted to a discussion of reasons

why the EAJA fee sought should be as large as requested.

     Apparently following the pattern that Morgan & Weisbrod and

other members of the Social Security bar has found so successful

in past claims for EAJA awards, Weisbrod's application starts by

citing <u>Martin v. Heckler</u>, 754 F.2d 1262 (5th Cir. 1985), for the

_____

[9]On July 2, 2009, Morgan & Weisbrod, L.L.P., gave notice of appeal from the May 5, 2009,
order in <u>Kellems</u>.  The notice was filed under the style "JENNIFER L. FRY (ATTORNEY), Appellant
and Real Party in Interest, MORGAN & WEISBROD, L.L.P. (Law Firm), Appellant and Real Party in
Interest, vs. MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION, Defendant -- Appellee."  Notice of Appeal in No. 4:02-CV-678-A at 1.  The appeal
is No. 09-10676 on the docket of the United States Court of Appeals for the Fifth Circuit.

proposition that an application fees pursuant to of the EAJA is
particularly appropriate in cases involving judicial review of
administrative denial of Social Security benefits.  Weisbrod's
reliance on <u>Martin</u> is somewhat misleading because he fails to
disclose that the facts in <u>Martin</u> were significantly different
from the facts of the instant action.  In <u>Martin</u>, the court did
not, as in the instant action, just reverse Commissioner's
decision adverse to the claimant and remand.  Rather, in <u>Martin</u>,
the court reversed the Commissioner's decision and rendered a
judgment awarding Social Security benefits to the claimant.  <u>Id.</u>
at 1263.  On the assumption that the Social Security claimant in
<u>Martin</u> had a fee agreement with his lawyers that obligated him to
pay them a fee out of the benefits he received through the court
action, his EAJA fee claim was perfectly proper for the purpose
of obtaining compensation for the fee he incurred through the
successful prosecution of his Social Security claim in the court
action.[10]  Noteworthy is that the Fifth Circuit awarded the EAJA
fee to claimant, not to his lawyers.  <u>Id.</u> at 1263.



------

[10]Even if the court is incorrect in assuming that the Social Security claimant in <u>Martin</u> had
incurred fees for which he was seeking EAJA reimbursement, the fact of the matter would be that the
issue of "incurred" was not raised in <u>Martin</u>, with the consequence that, in any event, <u>Martin</u> would not
be authority in support of the position Weisbrod takes in this action.

The second of the three Fifth Circuit cases cited by
Weisbrod in the substantive part of his application, <u>Herron v.
Bowen</u>, 788 F.2d 1127 (5th Cir. 1986), is factually similar to
<u>Martin</u>.  The Social Security claimant had received an award of
Social Security benefits by a judgment entered in the civil
action in which the claimant complained of Commissioner's denial
of benefits.  <u>Id.</u> at 1129.  The claimant filed his request for an
EAJA fee award after the favorable Social Security award judgment
was entered.  Presumably he was seeking compensation under the
EAJA for fees he had incurred pursuant to a fee arrangement with
Weisbrod, who was the lawyer for the claimant in <u>Herron</u>.  As in
<u>Martin</u>, neither the "incurred" issue nor the issue as to the
identity of the person (the claimant or the lawyer) entitled to
an EAJA award was presented.  The third Fifth Circuit case cited
by Weisbrod, <u>Baker v. Bowen</u>, 839 F.2d 1075 (5th Cir. 1988) (in
which Weisbrod again appeared as a lawyer for a Social Security
claimant), involves issues that are unrelated to any of those
presented for resolution in the instant action.

D.   <u>Nor Does the Court Find the Legal Authorities Cited in
     the Supplemental Briefing Persuasive</u>

Because by the time Weisbrod's application was filed in this
action the court had developed serious concerns about the
practice the court has had of routinely granting requests for

EAJA fee awards to lawyers by similar applications in other cases,[11] the court ordered on June 3, 2009, that by June 17, 2009:

> Each party should present all arguments and authorities bearing on the issue of whether the court has the authority to award fees under the EAJA where, as in this action, the plaintiff has not yet incurred a fee. Both parties should bear in mind that 28 U.S.C. § 2412(d)(1)(A) authorizes an award thereunder only of fees and other expenses "incurred" by the prevailing party, that the purpose of the EAJA fees "is to reimburse the claimant for fees paid out of the claimant's benefits," and that the benefit of the EAJA is to go to the claimant. Kopulos v. Barnhart, 318 F. Supp. 2d 657, 666 (N.D. Ill. 2004).

June 3, 2009, Order at 1-2 (footnote omitted).

   1.   Weisbrod's Response to the June 3 Order

Implicitly recognizing that the "incurred by that party" language of § 2412(d)(1)(A) must be satisfied, Weisbrod starts his argument by a contention that paragraph 8 of Morgan & Weisbrod's fee agreement with Murkeldove mysteriously causes Murkeldove to have "incurred" a fee for work done by Morgan & Weisbrod in this action. Pl.'s Resp. to June 3 Order at 3. Adding to the mystery of Weisbrod's "incurred by that party" analysis is Weisbrod's statement that "appellate counsel was retained to research and prepare Mr. Murkeldove's briefs on the

---

[11]As the court noted in part A of this section II, there is a question as to whether the court has jurisdiction to make an EAJA award if the requirements of § 2412(d)(1)(A) have not been strictly met.

27

merit," id. at 2, thus implying that Murkeldove incurred a fee payment obligation to Fouche for the work he did with and for Weisbrod.

Weisbrod's attempt to create a fee obligation on the part of Murkeldove out of paragraph 8 of the fee agreement and for work done by Fouche are out of whole cloth.  The court already has dealt with the paragraph 8 contention.  Weisbrod's attempt to convert "appellate counsel" into a free-standing lawyer to whom Murkeldove has a fee payment obligation is contradicted by explanations given by Weisbrod during the July 7 telephone conference/hearing and by the affidavit Weisbrod gave in support of the application under consideration in which he has the following to say about "appellate counsel" (Fouche):

> My work product, as attorney of record in this case,
> naturally includes the work performed by Mr. Fouche,
> who performed services in the case at my request.
> Sandoval v. Apfel, 2000 WL 245241, at *14(N.D.Tex.)
> [sic], "[I]t should matter little to the Commissioner
> whether Weisbrod performed a service himself or
> delegated it to [other counsel] provided that Weisbrod
> and [other counsel] in fact performed the services for
> which fees are claimed . . ., that they did not engage
> in wasteful duplication, and that [other counsel's]
> time expenditures were reasonable."

Application, Ex. F at 3 ¶ 9 (alterations in original).  The court agrees with Weisbrod that the "appellate counsel" is nothing more than a part of Morgan & Weisbrod's work product, to be paid for

out of the agreed-upon contingent fee if the lawyers prevail on the Social Security claim.

Next, Weisbrod devotes significant attention to a discussion of the Kopulos v. Barnhart, 318 F. Supp. 2d 657 (N.D. Ill. 2004), opinion, which the court cited in its June 3 order for the proposition that the purpose of EAJA fees "is to reimburse the claimant for fees paid out of the claimant's benefits," and that the benefit of EAJA is to go to the claimant, id. at 666. According to Weisbrod, Kopulos supports in all respects Weisbrod's EAJA fee application. Subscribing as he does wholeheartedly to the Kopulos opinion, Weisbrod should recognize something that his conduct in the instant action has ignored:

> Attorney's fees for representing individuals in social security cases are governed by 42 U.S.C. § 406. Section 406(a) governs fees for representation in administrative proceeds; ¶ 406(b) controls fees for representation in federal district court. . . .
>
> . . . .
>
> The limits set out in § 406(a) and § 406(b) establish the exclusive method for obtaining fees for successful representation of social security benefits claimants. The combination of § 406(a) and § 406(b) can never exceed 25% of the retroactive benefits. In fact, it is a criminal offense to collect or even to demand from a claimant anything more than the authorized allocation of past-due benefits. The fees are not an award against the government.

Id. at 660-61 (internal citations omitted).

29

While Kopulos correctly states the purpose of the EAJA and its interaction with 42 U.S.C. § 406 to a point, the opinion strays when it assumes that the lawyer for the Social Security claimant has a right to apply for and receive for himself payment under the EAJA. Id. at 663-64. The court disagrees with the language in the Kopulos opinion on that subject, as have the majority of the circuit courts and, apparently now, Commissioner.

The section of Weisbrod's responsive brief placing reliance on Schaefer, 509 U.S. at 292, reads more into the Schaefer opinion than is there. Pl.'s Resp. to June 3 Order at 5-6. In Schaefer, the Social Security claimant was successful in pursuing his claim for benefits at the administrative level after the district court had ordered a sentence-four remand in the claimant's appeal from an earlier adverse ruling by Commissioner. Schaefer, 509 U.S. at 294. The issue presented was whether an application for EAJA fees filed by the claimant in the civil action that resulted in the remand was timely. Id. The Supreme Court held that it was timely because of the failure of the district court when ordering the remand to put its remand ruling in a separate document, as contemplated by Rule 58 of the Federal Rules of Civil Procedure, that would start the running of the time for appeal from the ruling. Id. at 302-03. The Supreme

30

Court did not direct its attention to the issue of whether the EAJA application, if found to be timely, would have merit other than to note that the plaintiff in the civil action was a "prevailing party" by reason of the remand ruling.  Id. at 300-02.

The mere fact that Murkeldove is a prevailing party does not entitle him or Weisbrod to an EAJA fee award.  For instance, a number of courts have held that a pro se plaintiff who is a prevailing party in litigation with the government is not entitled to an EAJA fee award because he has not incurred lawyer's fees.  See Demarest v. Manspeaker, 948 F.2d 655, 656 (10th Cir. 1991); Sommer v. Sullivan, 898 F.2d 895, 896 (2d Cir. 1990); Merrell v. Block, 809 F.2d 639, 641-42 (9th Cir. 1987); Crooker v. EPA, 763 F.2d 16, 17 (1st Cir. 1985).

Weisbrod urges in his response as more authoritative than the pro se cases a series of cases that have authorized EAJA awards when the Social Security claimant was represented in the district court appeal on a pro bono basis or by a legal services corporation.  Pl.'s Resp. to June 3 Order at 7.  The rationale of those cases "is that EAJA awards should be available when the burden of attorneys' fees would have deterred the litigation challenging the government's actions . . . ."  Comserv Corp., 908

31

F.2d at 1415-16.   The Eighth Circuit went on to explain that EAJA

awards should not be available when the burden of lawyers' fees

would not have deterred the litigation challenging the

government's action.   Id.

While the court has grave reservations concerning the

statutory basis of the rulings in the series of cases on which

Weisbrod relies, there is a vital distinction between the facts

of those cases and the facts of the instant case.   In those cases

the plaintiff against the government would not have had the

resources to challenge the questioned government action were it

not for pro bono representation or services provided by a legal

services corporation.   In sharp contrast, in the instant action,

and all those like it, the Social Security claimant has full

representation both at the administrative level and at the

district court level through a fee agreement that obligates the

lawyer to pursue the Social Security claim against the

government.

Assuming that Morgan & Weisbrod conduct their representation

of their clients in Social Security cases in a workmanlike manner

consistent with their fee agreements and ethical obligations,

they would continue the legal representation of their clients at

each level of pursuit of the Social Security claims in exchange

for the contingent fees contemplated by the agreements.   The

burden of lawyers' fees did not deter, or have the potential to

deter, Murkeldove from challenging Commissioner's adverse Social

Security ruling by the filing of this civil action.

Finally, using language of the magistrate judge who authored

the Kopulos opinion, as a springboard, Weisbrod places reliance

on an uncodified amendment to the EAJA enacted by Congress in

1985 (sometimes referred to as the "Savings Provision"), which

reads as follows:

> (b)   Section 206(b) of the Social Security Act (42
> U.S.C. 406(b)(1)) [section 406(b) of Title 42, The
> Public Health and Welfare] shall not prevent an award
> of fees and other expenses under section 2412(d) of
> title 28, United States Code [subsec. (d) of this
> section].   Section 206(b)(2) of the Social Security Act
> [section 406(b)(2) of Title 42] shall not apply with
> respect to any such award but only if, where the
> claimant's attorney receives fees for the same work
> under both section 206(b) of that Act [section 406(b)
> of Title 42] and section 2412(d) of title 28, United
> States Code [subsec. (d) of this section], the
> claimant's attorney refunds to the claimant the amount
> of the smaller fee."

28 U.S.C.A. § 2412 note (West 2006) (Savings Provisions).   As did

the magistrate judge in Kopulos, Weisbrod reads more into the

uncodified provision than is justified.   To begin with, the 1985

enactment of a note cannot be used to change the clear language

of the 1980 enactment of the EAJA.   Perhaps more to the point,

when the Eleventh Circuit was confronted with an argument based

on the Savings Provision similar to the one being made by

Weisbrod, it correctly disposed of the argument by stating:

> Reeves' second textual argument is based on an
> uncodified clause of the EAJA, which harmonized fees
> payable by the Government under EAJA with fees payable
> under § 406(b) of the Social Security Act.  The EAJA
> and the Social Security Act both contain provisions
> commonly relied upon by successful social security
> claimants and their attorneys to secure the payment of
> attorney's fees.  The uncodified clause of the EAJA
> requires an attorney that <u>receives fees for the same
> work</u> under both the EAJA and the Social Security Act to
> refund the smaller amount to the claimant.  Reeves
> argues this clause can only logically be read to
> contemplate that the EAJA award will be paid to the
> attorney.  Otherwise, he asserts, it makes no sense to
> direct the attorney to refund an amount he has not
> received.  We find this argument unpersuasive because
> the clause, by its own terms, only comes into play
> after the attorney actually <u>receives</u> double fees for
> the same work.  Our reading of the plain text of § 2412
> is not altered by the uncontroversial proposition that
> Congress anticipated attorneys will often be the
> ultimate beneficiaries of the attorney's fees awarded
> under the EAJA.  When an attorney actually receives the
> proceeds of an EAJA award from his client, the clause
> is implicated.  The clause is not implicated, in a case
> like this, where the attorney never receives the
> proceeds of an EAJA award.
>
> The unambiguous text of the EAJA resolves the
> issue before us; therefore, we refrain from embarking
> on a superfluous analysis of the EAJA's legislative
> history.

<u>Reeves</u>, 526 F.3d at 737 (citations & internal quotation marks

omitted); <u>see also</u> <u>Stephens</u>, 565 F.3d at 137-38.  Similarly, in

<u>Manning v. Astrue</u>, the Tenth Circuit summarily disposed of an

argument similar to the one being made by Weisbrod by stating:

> [The Savings Provision] refers to the fact that the
> attorney must return to the claimant the smaller of the
> two fee awards under the EAJA or under 42 U.S.C.
> § 406(b)(1).  It does not state that the attorney is
> entitled to receive the full amount of the EAJA fees
> awarded.  Rather, the purpose is to ensure that the
> attorney does not receive double compensation.

510 F.3d at 1251.

The most sensible reading of the Savings Provision is that

it instructs that the fact that a Social Security claimant

becomes obligated to pay his attorney under the authority of

§ 406(b) fees out of Social Security benefits in a civil action

does not prevent the claimant, as the prevailing party in the

civil action, from applying for, and receiving, compensation for

those fee payments under § 2412(d).  And, for good measure,

Congress went on to make sure that attorneys for Social Security

claimants who manage to pocket EAJA fee awards under those

circumstances (because of a poorly considered court decision, or

otherwise) would be obligated to refund the EAJA award, at least

to the extent that it did not exceed the attorney fee recovered

by the claimant's attorney under § 406(b).

While the need for, and wisdom of, the Savings Provision's

enactment might be questioned, without question it cannot

change the plain meaning of § 2412(d)(1)(A), which, when

Exhibit to order signed July 17, 2009, in Case No. 4:08-CV-172-A (Page 1 of 1)

given effect, establishes the lack of merit of Weisbrod's application.

> 2.   <u>Commissioner's Response to the June 3 Order</u>

Commissioner's response was not very helpful.  He responded with the obvious that "[S]ocial [S]ecurity claimants are entitled to apply for their 'reasonable' fees following a sentence four remand."  Comm'r's Resp. to June 3 Order at 2.  Commissioner discussed cases holding that a Social Security claimant who obtains a remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) is a prevailing party within the meaning of 28 U.S.C. § 2412(d)(1)(B), which is a non-issue here because the court has assumed that Murkeldove was a "prevailing party" by virtue of the court's April 29, 2009, judgment of reversal and remand.

Perhaps the reason for the ambiguous nature of Commissioner's response is that Commissioner is reluctant to make statements now that might be viewed to be at odds with his responses and agreed orders over the past ten years or more that, by omission, have led the undersigned, and undoubtedly other judges, to exceed the authority given to the courts under the EAJA by awarding payment of fees under the EAJA in cases where the prevailing party had not incurred fees and by ordering the

36

fees paid to the prevailing party's lawyer rather than to the prevailing party.

The court has discovered from one of the items referenced in Commissioner's response that Commissioner has spoken with something of a forked tongue[12] on at least one of the subjects about which the court has expressed concern.[13]  At pages 6-7 of its responsive brief, Commissioner gives a citation to a petition for writ of certiorari he filed in the Supreme Court on April 28, 2009, in which he took the following positions:

> EAJA's text makes clear that attorney fees and other expenses may be awarded "to a prevailing party," and it specifically distinguishes between that party and an attorney who represents her. . . .
>
> . . . .
>
> . . . EAJA provides that, in circumstances in which an award is appropriate and "[e]xcept as

---

[12]"Commissioner has consistently paid attorneys' fees directly to the attorneys, not the claimants." Astrue v. Watts, 545 F.3d 131, 135 (4th Cir. 2009).  "[H]owever, the Commissioner altered this practice and took the position that attorney's fees under the EAJA were the property of prevailing claimants and not their attorneys." Id.  In Manning v. Astrue, 510 F.3d 1246 (10th Cir. 2007), the Tenth Circuit noted that Commissioner "switched positions during the course of [that] litigation" and that "[i]n the district court, it consistently took the position that the award belonged to the attorney.  But on appeal, it took the position that the award belonged to [the claimant]." Id. at 1255.  The Tenth Circuit properly concluded that "[d]espite the government's confusion," the court is bound by the statutory language and legislative history. Id. at 1255.

[13]During the telephone conference/hearing conducted July 7, 2009, the attorney for Commissioner had difficulty stating what Commissioner's position is on the subject of the proper payee of an EAJA award, notwithstanding the clear statement of Commissioner's position in the petition for writ of certiorari it filed in April 2009 in Astrue v. Ratliff, 540 F.3d 800 (8th Cir. 2009) (Pet. for Writ of Cert. at 7-10), Astrue v. Ratliff, No. 08-1322 (U.S. Apr. 28, 2009), 2009 WL 1155415).  Tr. of July 7 Hr'g at 7-8.

37

otherwise specifically provided by statute, a court
shall award <u>to</u> a <u>prevailing party</u> * * * fees and other
expenses * * * <u>incurred by that party</u>." 28 U.S.C.
2412(d)(1)(A) (emphases added). This Court recently
explained that the same language in EAJA's provision
governing administrative proceedings emphasizes party
status and "leaves no doubt" that Congress intended
that EAJA awards be determined from "the perspective of
the litigant" rather than from that of her attorney.
<u>Richlin Sec. Serv. Co. v. Chertoff</u>, 128 S. Ct. 2007,
2013 (2008). . . .

. . . Indeed, EAJA specifically states that a fee
application must show that "the party" (rather than the
party's attorney) both is a "prevailing party" and "is
eligible to receive an award under [EAJA]." 28 U.S.C.
2412(d)(1)(B). . . .

. . . .

Moreover, Congress expressly distinguished between
the "prevailing party" who is "eligible to receive" a
fee award and the attorney who represents that party.
EAJA directs that the party seeking fees must submit an
application establishing "the amount sought, including
an itemized statement from any attorney or expert
witness representing or appearing in behalf of the
party" that, <u>inter alia</u>, details the attorney's hourly
rate and time expended on the case. 28 U.S.C.
2412(d)(1)(B). That distinction between the "party"
and her "attorney" was not inadvertent. Rather, EAJA
treats attorneys in the same manner as it treats expert
witnesses and other professional specialists who may be
necessary for a party to litigate a case.

Pet. for Writ of Cert. at 7-9, <u>Ratliff</u>, No. 08-1322 (U.S. Apr.

28, 2009), 2009 WL 1155415 (alternations in original).

While Commissioner's emphasis in <u>Astrue v. Ratliff</u> was on

the issue of the identity of the true recipient of an EAJA award,

the position taken by Commissioner in that case basically

parallels the position this court takes on the "prevailing party" and "incurred by that party" issues, as this court's position is described in section II.A. of this memorandum opinion and order.

Commissioner points out in his response that the Fifth Circuit has not addressed the issue of whether a Social Security claimant's lawyer is the proper recipient of an EAJA award, but notes that in Marre v. United States, 117 F.3d 297 (5th Cir. 1997), the Fifth Circuit held in a case involving 26 U.S.C. § 7430, another fee-shifting statute, that the prevailing party was only nominally the person who is to receive the award and that the real party in interest was the lawyer, resulting in the conclusion that the fee award belonged to the lawyer, id. at 304. While Marre might well be viewed to provide authority on the "prevailing party" issue, Marre would not seem to be persuasive on the basic question presented by this case. The question here is not whether, in the abstract, an EAJA award can become the property of a Social Security claimant's lawyer. Here, the basic question is whether the Social Security claimant is entitled to recover an EAJA fee award in a court action in which he has no legal obligation to pay any fee to his lawyer for services rendered in that action and whose only fee payment obligation is defined by a contingent fee contract that specifically

contemplates that he will not pay any fee to the lawyer unless and until the claimant is successful in collecting Social Security benefits pursuant to his claim against Commissioner. Moreover, in Marre the Fifth Circuit did not have occasion to consider the interplay between the EAJA and the fee payment provisions of the Social Security Act, 42 U.S.C. § 406. As the Tenth Circuit, after an analysis of the EAJA language, succinctly put it in Manning, "the EAJA award is to the claimant, whereas the § 406(b) award is to counsel." Manning, 510 F.3d at 1254.

                    *    *    *    *

    Neither side has provided the court in response to the June 3 order any authority that would cause the court to decide that the court was wrong in its tentative conclusion that the court does not have the authority to make an EAJA fee award except to a prevailing party to a civil action who has incurred fees in that action. Nor has either party presented the court authority that would support a reasoned argument that Murkeldove incurred fees in the instant civil action.

E.    <u>Another Reason why the Application Should be Denied</u>

Section 2412(d)(1)(A) authorizes the court to deny an

otherwise meritorious application if "the court finds that

. . . special circumstances make an award unjust."  Even if the

court were to conclude that the wording of § 2412(d)(1)(a) would

authorize grant of Weisbrod's application, the court would find

that special circumstances make an EAJA award of the kind sought

by the application unjust.

Morgan & Weisbrod made a deal with Murkeldove that the fees

they would receive for all their legal work in pursuing his

Social Security claim would be limited to a percentage of past-

due benefits they recover as a result of their work.  Yet, the

stated intent of Weisbrod is to have any EAJA fee award that

might be made in this case become the property of Morgan &

Weisbrod.  Thus, Weisbrod's EAJA application is an attempt to

obtain through the EAJA a payment for Morgan & Weisbrod for part

of the same work they agreed to do in exchange for the contingent

fee payment contemplated by their contract with Murkeldove.

Moreover, Weisbrod kept the EAJA application secret from his

client, and plans to use part of the EAJA award, if one is

granted, to pay an attorney Murkeldove never knew represented

him.

Weisbrod argues in his response to the June 3 order that Murkeldove will receive full credit for an EAJA fee award under the fee agreement "in the event a § 406(b) fee is eventually pursued herein."  Pl.'s Resp. to June 3 Order at 5.  According to Weisbrod, Murkeldove would benefit from a part of an EAJA fee payment only if he were to prevail on his Social Security claim on remand, and then only if a subsequent fee application in this action were to be successful under 42 U.S.C. § 406(b).

This court already has determined that a fee award under § 406(b) would not be proper in an action such as this.  However, even if this court were to find that an award pursuant to § 406(b) following a sentence-four remand is proper, Murkeldove is not likely to receive any benefit from an EAJA award.  If the total of any administrative fee award under § 406(a) and an EAJA fee award equaled more than twenty-five percent of Murkeldove's past-due benefits, Weisbrod would have no incentive, or reason, to pursue a fee award under § 406(b).  Not only does Weisbrod have no obligation under the fee agreement to pursue a § 406(b) fee award, nowhere does the fee agreement mention the possibility of Murkeldove ever receiving credit for an EAJA fee award.

The facts of the <u>Kellems</u> case expose for what it is the fiction advanced by Morgan & Weisbrod that an EAJA award to an

42

attorney in cases such as this is partially justified by the fact that, if the attorney later obtains a fee award under § 406(b) after the claimant has been successful in recovering Social Security benefits in the remanded administrative proceedings, the client will benefit from the EAJA award.  If Morgan & Weisbrod's § 406(b) fee motion in <u>Kellems</u> had been honest, it would have disclosed that Morgan & Weisbrod had already received at the administrative level out of Kellems's Social Security award most of the twenty-five percent fee to which they were entitled under their fee agreement with Kellems, and that the most they possibly could receive pursuant to their § 406(b) motion, assuming that it otherwise was legally based, would be the $3,985.13 balance.[14] <u>Kellems</u>, 611 F. Supp. 2d at 646-47.  And, if Morgan & Weisbrod had been successful in asserting a § 406(b) claim in Kellems's court action, presumably they, in effect, would have taken $3,985.13 out of Kellems's pocket, bearing in mind that the $3,985.13 balance was the property of Kellems as part of the

---

[14]In a telephone conference between the court and the lawyers in <u>Kellems</u>, Jennifer L. Fry ("Fry"), the Morgan & Weisbrod lawyer who filed the motion in <u>Kellems</u>, admitted that, notwithstanding the wording of the motion she filed, the most that possibly could be awarded on the basis of her § 406(b) motion would be $3,985.13, the balance of Kellems's withheld Social Security benefits that, if paid to the attorneys, would give the attorneys a total of twenty-five percent of past-due benefits awarded to Kellems. Draft of Tr. of Apr. 30, 2009, Telephone Conference at 6-8, <u>Kellems v. Astrue</u>, No. 4:02-CV-678-A (N.D. Tex. 2009). The explanations given by Fry raise a question as to whether Morgan & Weisbrod actually would have remitted back to Kellems the full $3,985.13 even if they had taken that amount from him by a § 406(b) award. <u>Id.</u> at 8-9.

past-due benefits he recovered on his Social Security claim.   To say, as Morgan & Weisbrod do, that they would credit against the $3,985.13 they attempted to take from Kellems as a § 406(b) award an equal amount out of what they had collected pursuant to their earlier EAJA claim is to acknowledge that neither the attorneys nor Kellems would have gained or lost anything in the transactions.   Each would give up the exact same amount he received.

There appears to be no chance that there ever would be a § 406(b) award in this case, and the chance that Murkeldove would benefit from an EAJA award if a § 406(b) award were to be made appears to be non-existent.   In the final analysis, if an EAJA award were to be made in this case, it probably would be a windfall for the benefit of Morgan & Weisbrod--it would be something to which the lawyers are not entitled under their fee agreement with Murkeldove.[15]

---

[15]The court recently had an experience in another case involving a Social Security appeal that heightens the court's concern about the uses members of the Social Security bar are making of the EAJA and § 406.  Before the undersigned reached the firm conclusion that it did not have jurisdiction to grant EAJA fee applications of the kind under consideration, the court approved such an application by an order signed May 13, 2009, in Evelyn D. Rice v. Michael J. Astrue, Commissioner of Social Security, No. 4:08-CV-354-A.  In that order, the court conditioned approval of the EAJA award on future payment by the Social Security claimant's lawyer of all or a part of the award to the claimant under certain circumstances, stating:

> Recognizing that Honig [the lawyer] may receive out of Rice's Social Security benefits attorney's fees at the administrative level, or in another judicial proceeding,

(continued...)

The court finds that the circumstances described above are special circumstances that would make an EAJA award of the kind sought by Weisbrod's application unjust.

F.   The Court is not Deciding the Question of
     Reasonableness of the Amount of the Fee Request

In addition to the $9,521.50 fee request made by Weisbrod's application, he makes in his response to the June 3 order a supplemental request for an additional fee of $2,703.00 under the EAJA that he says represents the value of work done by Weisbrod's firm in responding to the court's June 3 request for additional briefing.   Pl.'s Resp. to June 3 Order at 12-13.

Commissioner's response to the June 3 order included a section objecting to the reasonableness of the fee charges on which Weisbrod's application are based and making specific objection to the supplemental request.   Comm'r's Resp. to June 3

---

[15](...continued)
pursuant to 42 U.S.C. § 406 and that the "purpose of EAJA is to reimburse the claimant for fees paid out of the claimant's benefits . . .," Kopulos v. Barnhart, 318 F. Supp. 2d 657, 666 (N.D. Ill. 2004), the court concludes that, in the event that Honig receives fee awards under § 406 for work performed on Rice's claim, regardless of whether such awards are awarded at the administrative or judicial level, Honig shall promptly pay to Rice an amount equal to this $2,853.87 fee award or the amount of the additional fee awards if less than $2,853.87.

May 13, 2009, Order in No. 4:08-CV-354-A at 2.  The lawyer for the Social Security claimant in No. 4:08-CV-354-A filed a notice of appeal, describing this court's May 13 ruling by saying that "[t]he Plaintiff appeals the portion of the Order which directs counsel for the Plaintiff to reimburse any administrative fees which may be paid under 42 U.S.C. Section 406(a) from fees received under the Equal Access to Justice Act (28 U.S.C. Section 2412(d))."  Notice of Appeal in No. 4:08-CV-354-A. The appeal is No. 09-10589 on the United States Court of Appeals for the Fifth Circuit's docket.

Order at 8-10.  Weisbrod replied to Commissioner's response by

arguments and authority in support of the fee charges upon which

the application is based, and by argument and citation to a court

opinion in support of the supplemental request.  Comm'r's Reply

at 6-7.

Because the court is denying Weisbrod's application for

reasons other than unreasonableness of the amount claimed as

fees, the court is not devoting further time or attention to the

reasonableness-of-amount issue.  However, as noted below, the

court has a special concern, which deserves further attention,

with the contention of Weisbrod that his firm is entitled to

recover EAJA fees for time devoted to the making of a response to

the court's June 3 order.

G.   The Court's Rule 11 Concerns with the Supplemental Fee
     Request

In the undersigned's view, none of the fee claims made by

Weisbrod are warranted by existing law or by any non-frivolous

argument for extending, modifying, or reversing existing law or

for establishment of new law.  Fed R. Civ. P. 11(b)(2).  However,

the court is not invoking the provisions of Rule 11(c)(1) as to

the EAJA claim made by Weisbrod's application because his firm

and other members of the Social Security bar have been so

successful over the years in obtaining EAJA fee payments under

facts similar to those existing in this case (including many ordered by the undersigned) that the court considers that there should be a warning, such as this memorandum opinion, before sanctions should be considered as to such a claim.

However, the court can find no excuse for Weisbrod's insistence that the court award attorneys' fees to his firm under the EAJA for time they devoted to their response to the June 3 order. The court is satisfied that the claim for attorneys' fees for responding to the order are not warranted by existing law or by any non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law. Therefore, the court's tentative conclusion is that Weisbrod and his firm are subject to sanctions under the authority of Rules 11(c)(1) and (3) of the Federal Rules of Civil Procedure for making that claim, and the court plans to pursue that matter in an appropriate manner.

III.

## Conclusion and Order

For the basic and alternative reasons given above, Weisbrod's application, and supplemental request, for EAJA fee awards are being denied. Therefore,

The court ORDERS that Weisbrod's application, and supplemental request, for fee awards under the EAJA be, and are hereby, denied.

SIGNED July 14, 2009.

_____
JOHN McBRYDE
United States District Judge